FILED
United States Court of Appeals
Tenth Circuit

July 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSIAH STONE,

        Plaintiff-Appellant,

v.

ELOHIM, INC.,

        Defendant-Appellee.

No. 08-7119

Eastern District of Oklahoma

(D.C. No. 6:08-CV-00266-RAW)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Josiah Stone, a pro se plaintiff, brought a discrimination claim alleging that Elohim, Inc. had unlawfully evicted him from his land because of his race and disability. The district court dismissed his action for failure to state a claim. Mr. Stone has appealed that dismissal, and we now affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

As best we can tell from his complaint, Mr. Stone resided on eight acres of tax-exempt property in Adair, Oklahoma. This property was owned and maintained by Elohim, Inc., a non-profit corporation which Mr. Stone describes as a "cult," Aplt. 2, whose "religion states that they are God's holy seed and outsiders cannot participate." R. 142. Mr. Stone alleges that, in 2008, Elohim and its agents took a number of steps to force him from the property, including assaulting his family members, refusing his family water from the community well, cutting him off from all internet access, shunning him and his family, cutting down his fences, pulling guns on him, stealing one of his horses, shooting his other horses, and, eventually, evicting him. Aplt. 2–6. Mr. Stone is a Cherokee Indian and claims that his eviction was racially motivated. He is seeking restitution in the amount of $250,000.

## II. DISCUSSION

Mr. Stone characterizes his claim as one of "discrimination on tax-exempt land by a non-profit corporation in respects to plaintiffs disability, race, origin, creed." Aplt. 1. He has cited a number of civil rights statutes as authority, including the Ku Klux Klan Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1988. He also argues that Elohim violated his rights under the Americans With Disabilities Act of 1990, although it is unclear exactly what disability he has.

The problem with Mr. Stone's civil rights claims is that they do not create causes of action against private corporations. *See* 42 U.S.C. § 1983 (authorizing suit against person acting "under color of" state law); *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (state action doctrine requires that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor") (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *Brown v. Reardon*, 770 F.2d 896, 906 (10th Cir. 1985) ("[A]n alleged conspiracy to infringe [constitutional] rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state") (quoting *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 830 (1983)); *Browns v. Mitchell*, 409 F.2d 593, 595 (10th Cir. 1969) ("It is clear, as it always has been since the Civil Rights Cases that 'Individual invasion of rights is not the subject-matter of the (Fourteenth) amendment,' and that private conduct abridging individual rights does no violence to the Equal Protection Clause (and likewise the Due Process Clause) unless to some significant extent the State in any of its manifestations has been found to have become involved in it."). The validity of his claim thus depends on Elohim being a state actor, and Mr. Stone has alleged no facts which suggest this is the case.

There is no allegation that Elohim was acting in concert with the government, that it was performing a public function, or that its conduct was fairly attributable to the state. Mr. Stone has made much of Elohim's tax exempt status, including a dispute as to whether or not Elohim is a 501(c)(3) organization. (Elohim denies that it is now, or has ever been, a 501(c)(3)). Tax exempt status alone, however, does not transform a corporation from a private institution to a state actor. *See Browns*, 409 F.2d at 595–96 (tax exempt status might help perpetuate an institution, but that status itself is not sufficient to constitute state action). While the federal government might condition tax exemptions upon the recipient's not discriminating, *see, e.g., Bob Jones University v. United States*, 461 U.S. 574 (1983), the condition does not itself create a private right of action for a victim of discrimination. Because Mr. Stone has alleged no facts that would suggest Elohim is a state actor, his civil rights claim must fail as a matter of law.

As for his ADA claim, we can find no record of Mr. Stone raising the claim in his original complaint before the district court. *See* Compl., July 16, 2008. A plaintiff cannot raise a claim for the first time before the appellate court. His appellate brief elaborates on the claim by simply saying, "I am currently on *SSI Disability* and my rights have been discriminated against." Aplt. 6. Even if he had said this in his original complaint, it would fail to state a claim, as it fails to

allege either that he has a legally recognized disability under the ADA or that he was evicted because of this disability.

To the extent Mr. Stone also raised claims of assault, theft, damage to his fence, or similar state law tort claims, Aplt. 2–5, the district court was within its discretion not to assume supplemental jurisdiction.

### III. CONCLUSION

Mr. Stone has failed to state a claim upon which the federal courts can grant relief. The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge